**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; PIPE FITTERS LOCAL 597, INDIVIDUAL ACCOUNT AND 401(k) PLAN; and PIPE FITTERS' ASSOCIATION, LOCAL UNION 597 U.A. | ) | |
| Plaintiffs, | ) | CASE NO.: 1:26-cv-13662 |
| vs. | ) | JUDGE: |
| CITY WIDE POOL & SPA, INC., an Illinois Corporation, and MICHAEL J. MORLEY, an Individual, | ) | MAGISTRATE: |
| Defendants. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, the PIPE FITTERS' WELFARE FUND, LOCAL 597; the PIPE FITTERS' RETIREMENT FUND, LOCAL 597; the PIPE FITTERS' TRAINING FUND, LOCAL 597; the PIPE FITTERS LOCAL 597, INDIVIDUAL ACCOUNT AND 401(k) PLAN; and PIPE FITTERS' ASSOCIATION, LOCAL UNION 597 U.A., by and through their attorneys, JOHNSON & KROL, LLC, complaining of Defendants CITY WIDE POOL & SPA, INC. and MICHAEL J. MORLEY and allege as follows:

**JURISDICTION AND VENUE**

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of Count I pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Count II of this action is a state law breach of contract claim. The Court

has supplemental jurisdiction over the subject matter of Count II pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' WELFARE FUND, LOCAL 597; the PIPE FITTERS' RETIREMENT FUND, LOCAL 597; the PIPE FITTERS' TRAINING FUND, LOCAL 597; the PIPE FITTERS LOCAL 597, INDIVIDUAL ACCOUNT AND 401(k) PLAN (collectively the "Funds") are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Funds receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the PIPE FITTERS' ASSOCIATION, LOCAL UNION 597, U.A. ("Local 597"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The Funds are jointly managed by Union Trustees appointed by Local 597 and Employer Trustees appointed by the Mechanical Contractors Association of Chicago ("MCAC").

5. Local 597 is the bargaining representative of Defendant CITY WIDE POOL & SPA, INC. ("City Wide")'s pipefitter employees.

6. Defendant City Wide is an Illinois Corporation with its principal place of business in Chicago, Illinois.

7. Defendant MICHAEL J. MORLEY ("Morley") is the President of City Wide and resides in Park Ridge, Illinois.

## FACTS COMMON TO ALL COUNTS

8. On November 7, 2016, City Wide entered into a Subscription Agreement with Local 597. Under that Subscription Agreement, City Wide agreed that it was bound to the Area Agreement between Local 597 and MCAC in effect at that time and any successor Area Agreements negotiated by Local 597 and MCAC. (A copy of the Subscription Agreement is attached as **Exhibit 1**).

9. The current Area Agreement (the "CBA") between Local 597 and MCAC is effective from June 1, 2023 through June 1, 2027. (A copy of the CBA in effect from June 1, 2023 through June 1, 2027 is attached as **Exhibit 2**).

10. Pursuant to the CBA, City Wide is bound to the Agreements and Declarations of Trust ("Trust Agreements") that established and administer the Funds. (**Exhibit 2**).

11. Pursuant to the CBA and Trust Agreements, City Wide is required to make monthly reports of hours worked by its pipefitter employees and pay contributions to the Funds at the negotiated rates. (**Exhibit 2**).

12. Additionally, the CBA requires City Wide to deduct monies payable as dues to Local 597 from its pipefitter employees' wages and to deduct 401(k)/Roth elective deferrals and emergency savings deductions from its pipefitter employees' wages and remit payment of those deferrals to the 401(k) Plan on a monthly basis. (**Exhibit 2**).

13. Pursuant to the CBA, the monthly reports, contributions, dues, and deferrals during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

14. Pursuant to the CBA, employers who fail to timely report hours and remit contributions, dues, and deferrals to the Funds and Local 597 by the 15th day of the month following the

month in which the work was performed are liable for liquidated damages in the amount of ten percent (10%) of the unpaid contributions, dues, and deferrals as well as interest at a rate of one percent (1%) per month that the contributions and deferrals remain unpaid. (**Exhibit 2**).

15. As of October 2025, City Wide had incurred a debt totaling $162,281.92 to the Funds and Local 597, which consisted of unpaid contributions, dues, and deferrals, along with the resulting liquidated damages and interest, and audit fees.

16. In October 2025, the Funds and Local 597 entered into an Installment Payment Agreement ("Installment Agreement") with City Wide and Morley, pursuant to which City Wide and Morley agreed to remit twenty-four (24) monthly installment payments in the amount of $7,229.05 from October 2025 through September 2027. (A copy of the Installment Agreement is attached as **Exhibit 3**).

17. Pursuant to the Installment Agreement, Morley agreed to be treated as a joint employer as defined in 29 U.S.C. § 1145 and to be personally liable for all obligations of City Wide required by the Installment Agreement, including the obligation to pay ongoing contributions, dues and deferrals on behalf of their pipefitter employees. (Installment Agreement ¶ 6 | **Exhibit 3**).

18. During the term of the Installment Agreement, the Installment Agreement requires City Wide and Morley to timely report all hours worked by City Wide's pipefitter employees and to pay all required contributions, deferrals, and dues to the Funds and Local 597 by the 15th day of each month following the month in which the work was performed. (Installment Agreement ¶ 5 | **Exhibit 3**).

19. Failure to timely remit installment payments, report hours, and/or remit ongoing contributions, dues, and deferrals constitutes a default of the Installment Agreement. (Installment Agreement ¶¶ 2, 5, & 7 | **Exhibit 3**).

20. In the event of a default, the Installment Agreement provides the following remedies: 1) all amounts owed will be accelerated and become immediately due and payable; 2) an additional liquidated damages charge of 10% of all unpaid amounts shall become due and payable by City Wide and Morley; and 3) in the event the Funds and/or Local 597 are required to engage an attorney to collect any amounts due under this Agreement, City Wide and Morley shall be liable for all reasonable attorneys' fees and costs incurred by the Funds and Local 597. (Installment Agreement ¶ 8 | **Exhibit 3**).

**COUNT I**
**BREACH OF CONTRACT – CBA**

21. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-20 of this Complaint with the same force and effect as if fully set forth herein.

22. City Wide and Morley, as joint employers, failed to pay contributions, dues and deferrals for August 2026 on time. They also failed to pay contributions, dues and deferrals for the months of June and September 2026.

23. Accordingly, City Wide and Morley currently owe $63,563.86 in contributions, dues, deferrals, liquidated damages and interest, as itemized below:

| Month | Type | Amount |
|---|---|---|
| Jun. 2026 | Contributions/Dues/Deferrals | $27,438.42 |
| Jun. 2026 | Liquidated Damages | $2,743.84 |
| Jun. 2026 | Interest (through 11/1/26)* | $1,097.54 |
| Aug. 2026 | Liquidated Damages | $2,192.22 |
| Sept. 2026 | Contributions/Dues/Deferrals | $27,109.76 |
| Sept. 2026 | Liquidated Damages | $2,710.98 |
| Sept. 2026 | Interest (through 11/1/26)* | $271.10 |
| | **Total** | **$63,563.86** |

** Interest continues to accrue.*

24. City Wide and Morley have a continuing obligation to submit monthly reports and to pay contributions, dues, and deferrals on behalf of their pipefitter employees to the Funds and Local 597 and, as a result, additional amounts may be owed during the course of this litigation.

25. Plaintiffs have been required to employ the undersigned counsel to collect the monies owed by City Wide and Morley.

26. City Wide and Morley are required to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Installment Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendants City Wide and Morley, jointly and severally, in the amount of $63,563.86 for known contributions, dues, deferrals, liquidated damages, and interest owed for June, August, and September 2026;

B. That Judgment be entered in favor of Plaintiffs and against Defendants City Wide and Morley, jointly and severally, for any other amounts found to be due and owing in addition to the amounts identified in Paragraph A above;

C. That Defendants City Wide and Morley be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Installment Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendants City Wide and Morley's expense.

**COUNT II**
**BREACH OF CONTRACT – INSTALLMENT AGREEMENT**

27. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

28. City Wide and Morley incurred multiple defaults under the Installment Agreement by failing to (a) timely pay August 2026 contributions, dues, and deferrals, (b) pay June and September 2026 contributions, dues, and deferrals, and (c) pay the installment payment due on November 1, 2026. (Installment Agreement ¶¶ 2 & 5| **Exhibit 3**).

29. As a result of the defaults, the Funds and Local 597 accelerated the remaining eleven (11) installments due under the Installment Agreement (11/1/2026 to 9/1/2027) resulting in an immediate balance due of $79,519.55. (Installment Agreement ¶ 8 | **Exhibit 3**).

30. Additionally, the Funds and Local 597 assessed liquidated damages of $7,951.95 because of the defaults. (Installment Agreement ¶ 8 | **Exhibit 3**).

31. Pursuant to paragraph 8 of the Installment Agreement, the Funds and Local 597 are entitled to the amounts due under the Installment Agreement, together with all reasonable attorneys' fees and costs incurred in enforcing Defendants' obligations and collecting the amounts due. (Installment Agreement ¶ 8 | **Exhibit 3**).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendants City Wide and Morley, jointly and severally, in the amount of $87,471.51 for the amounts due under the breached Installment Agreement;

B. That Defendants City Wide and Morley be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Installment Agreement; and

C. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendants City Wide and Morley's expense.

Respectfully Submitted,

**PIPE FITTERS' WELFARE FUND,**
**LOCAL 597, *et al.***

By: /s/ Spencer J. Garner - 6349089
*One of Plaintiffs' Attorneys*

Spencer J. Garner
JOHNSON & KROL, LLC
141 W. Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 320-9420
garner@johnsonkrol.com